Sullivan,
March 4, 1930.

JOWIT WILTOWSKI *& a. v.* ZENON WOJCIECHOWSKI *& a.*

*Henry N. Hurd, Howard H. Hamlin, William E. Kinney* and *Doyle & Doyle* (*Mr. Hurd* orally), for the plaintiffs.

*Francis W. Johnston* and *Barton & Shulins* (*Mr. Johnston* orally), for the defendants.

ALLEN, J. Briefly stated, the plaintiffs maintain, first, that the defendants in forming and joining the corporation withdrew as members of the society, which did not acquire corporate form but continued as a separate organization, and, second, that the action taken was in violation of a prohibition of the society's constitution barring action contrary to the laws of the Roman Catholic church.

As to the first position, it overlooks the fact that it was the society's own plan and purpose to become incorporated. Its vote to do this was a collective act and the minority members opposing it were bound by it if no law of the state and no law of the society was thereby contravened.

It is provided by P. L., *c.* 223, *s.* 1, that five or more persons may incorporate for the purpose of "the organization and maintenance of lodges of Free Masons, Odd Fellows and other similar societies . . .", and this language shows a clear design to include the incorporation of established societies. Although in forming the corporation the incorporators must be individual members of the society

and not the society itself, this requirement is one of convenient procedure only. It does not mean an independent entity regardless of the continued existence of the society, but merely prescribed how the object authorized by the statute is to be attained. And it is not doubtful from the language used that the object is to clothe an existing society with corporate form. From the legal standpoint, there is a new society as an entity only in the sense of succession and substitution, and in no sense of concurrence and duality.

It remains to be considered if the constitution of the society permitted action in pursuance of the statute, and the question is one of construction. By an article of the constitution the society had "the right to enact, by a majority vote, such statutes, laws, resolutions and rules which it may see fit and pertinent to its aim," provided they were not contrary to the laws of the Roman Catholic church or incompatible with the constitution. By another article the constitution might be amended by majority vote in matters not violating "the chief points embodied" in it.

The chief points which the constitution sought to secure were adherence to the faith of the Roman Catholic church and mutual aid of the members. The existence, organization, and conduct of the society in corporate form was in no respect forbidden by the constitution in express terms or by its implications. On the contrary the articles mentioned are broad enough to give authority therefor under their fair and reasonable construction. The change to corporate form was no more than a change of the constitution which it permitted to be made. While the society changed its legal personality and identity, it was a change the constitution contemplated as one of succession and substitution thought to aid in promoting its essential purposes, and not as one of alienation and separation in establishing an independent body. From the standpoint of those who framed and adopted the constitution the corporation was a permitted arrangement for maintaining the continuance of the society, and the result of a new legal *persona* when the corporation was formed did not in itself make a new society in any sense repugnant to the constitution.

Practically, and in pursuance of the society's constitution, the change was formal and not substantial, and the difference of legal status was at most a detail of organization. The society's own action in becoming incorporated meant the end of its unincorporated status, and the case is one of changing from one status to another, and not the existence of two distinct bodies at the same time. It is

a situation of transformation and not of duplication, and the argument that the society's separate existence from the corporation continued after the latter was formed may not be adopted. The corporation was a continuance of the society's existence within the tenor of the constitution as a proper amendment of it. So long as the society's purposes remained unmodified and were maintained under organized action, its legal status pertained to function rather than character.

Nor may it be claimed that title to the society's property has not been transferred to the corporation. If its formation and succession to the society in active accomplishment did not carry with it and effect a transfer of title as a circumstantial manifestation of intention so to do, the corporation at least acquired the equitable title to the property. Whatever the incidental irregularity and failure in completed transfer of title, the plaintiffs are in no position to take advantage of it. Although voting against the incorporation, they were subject to the effect of a majority vote made the society's collective action by the terms of its constitution. And such a vote operated as well to affect their personal interests as members of the society in the property of the society. If the society was not to be regarded as a legal entity with the result that title to the property held and used for its benefit was vested in the members, yet the share and interest of any member was subject to disposition according to action taken in pursuance of the constitution and by-laws.

Respecting the argument that the incorporation was a violation of religious duty, the pleadings indicate that it was opposed by the priest of the parish to which the members of the society belonged, and it is urged that his opposition made their action such a violation and inconsistent with their membership in the parish. It is true that action contrary to the laws of the church was forbidden. But its laws in respect to the civil organization of related bodies and to the authority of its subordinate and local representatives and servants do not appear, and temporal action opposed by the priest is not enough to constitute any violation of the organic law of the society. Even if he had gone further and forbidden it, it would remain necessary to show that it was in the exercise of actual official authority in order to make the action taken a violation of canonical law. Personal or purported official authority falling short in its exercise of a prohibitory command is all the record sets forth.

It follows that the claim that the corporation was hostile to the society and that the defendants as officers and members of it violated

their primary duties to the society has no basis for its support. No article of the constitution or by-laws and no purpose of the society has been pointed out which tends to show any inconsistent or prohibited character in the action taken.

The answer to the bill sets forth that the plaintiffs are withholding from the corporation certain property of the society and seeks an order for its delivery. The allegation being proved, it would appear that the order should be made.

*Case discharged.*

All concurred.